**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 09-1938**

————————————

FOLA COAL COMPANY, d/b/a Powellton Coal Company,

        Petitioner,

      v.

NATIONAL LABOR RELATIONS BOARD,

        Respondent,

      and

UNITED MINE WORKERS OF AMERICA, AFL-CIO,

        Intervenor.

————————————

**No. 09-2057**

————————————

NATIONAL LABOR RELATIONS BOARD,

        Petitioner,

      v.

FOLA COAL COMPANY, d/b/a Powellton Coal Company,

        Respondent.

————————————

On Petition for Review and Cross-application for Enforcement of
an Order of the National Labor Relations Board.  (9-CA-44608;
9-CA-44650)

————————————

Argued:  May 13, 2010                    Decided:  July 2, 2010

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded; petition for enforcement denied by unpublished per curiam opinion.

**ARGUED:** David Christopher Burton, WILLIAMS MULLEN, Virginia Beach, Virginia, for Fola Coal Company.  David Arthur Fleischer, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board. **ON BRIEF:** Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Linda Dreeben, Deputy Associate General Counsel, Julie Broido, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for the Board.  Grant Crandall, Judith Rivlin, UNITED MINE WORKERS OF AMERICA, Fairfax, Virginia; Charles F. Donnelly, UNITED MINE WORKERS OF AMERICA, Charleston, West Virginia, for Intervenor.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On July 31, 2009, two members of the National Labor Relations Board ("NLRB") sustained a complaint of unfair labor practices against Fola Coal Company ("Company"). See Fola Coal Co. LLC, 354 N.L.R.B No. 60 (2009), 2009 WL 2366518. The Company petitioned for judicial review -- and the NLRB cross-petitioned for enforcement -- of the agency's order.

In its appellate brief, the Company argued that § 3(b) of the National Labor Relations Act ("Act") does not permit a two-member panel of the NLRB to exercise authority on behalf of the agency. See 29 U.S.C. § 153(b) (2006). One week later, this court rejected an identical argument in a published opinion. See Narricot Indus., L.P. v. NLRB, 587 F.3d 654, 660 (4th Cir. 2009). On June 17, 2010, the Supreme Court effectively abrogated that holding when it held in New Process Steel, L.P. v. NLRB, 560 U.S. ___ (2010), available at 2010 WL 2400089, that § 3(b) does not permit a two-member panel to act for the NLRB.

New Process Steel compels us to hold that the NLRB's order in this case exceeded the agency's authority under the Act. Therefore, we deny the NLRB's petition for enforcement, vacate the order, and remand the case to the NLRB for proceedings consistent with the holding in New Process Steel.

VACATED AND REMANDED;
PETITION FOR ENFORCEMENT DENIED

3